1

2

3

4

5

6

7                       UNITED STATES DISTRICT COURT

8                            DISTRICT OF NEVADA

9                                    * * *

10   ROBERT A. DANIELS,                    )
                                           )
11                     Plaintiff,          )      2:11-cv-00298-ECR-CWH
                                           )
12   vs.                                   )      **REPORT & RECOMMENDATION**
                                           )
13   MARC S. JENSON, *et al.*,             )
                                           )
14                     Defendants.         )
     _____)

15

16        This matter came before the Court for a Show Cause hearing on October 5, 2012.

17   Defendant JD Medical Holdings ("JD Medical") filed its answer to Plaintiff's complaint on

18   March 5, 2012.  (#22).  The answer was filed through JD Medical's attorneys of record at the law

19   firm of Shumway Van & Hansen, Chtd.

20        On May 2, 2012, JD Medical's attorneys filed a motion to withdraw.  (#26).  Finding

21   good cause, the Court granted the motion.  (#27).  The Court further found that JD Medical, as a

22   corporate litigant, "must retain counsel if it intends to continue to litigate this matter.  A

23   corporation may appear in federal court only through licensed counsel."  *See* Order (#27) at 2:4-

24   6.  JD Medical was granted until May 24, 2012, to advise the Court if it intended to retain new

25   counsel.  Further, the Clerk of Court was instructed to serve JD Medical with a copy of Order

26   (#27) at its last known address.  JD Medical did not advise the Court if it intended to retain new

27   counsel and no appearance has been made on its behalf.  Therefore, on June 19, 2012, Plaintiff

28   filed a motion to strike JD Medical's answer to Plaintiff's complaint and requested an entry of

     default.  *See* Pl.'s Mot. (#32).  JD Medical did not file a response to the motion.

1    Accordingly, **Defendant JD Medical Holdings** was ordered to appear before the

2  undersigned United States Magistrate Judge on **Friday, October 5, 2012**, at 2:00 PM in

3  Courtroom 3C, Lloyd D. George U.S. Courthouse, 333 Las Vegas Boulevard South, Las Vegas,

4  Nevada, and show cause why the Court should not impose sanctions, up to and including a

5  recommendation that its answer be stricken and default entered for (1) JD Medical's failure to

6  comply with the Court's Order (#27) requiring it to appear through counsel, and (2) failure to file

7  a response in opposition to Plaintiff's motion to strike (#32).  Defendant JD Medical Holdings

8  was expressly warned:

9          **FAILURE TO APPEAR AT THE OCTOBER 5, 2012 HEARING**
           **WILL RESULT IN A RECOMMENDATION PLAINTIFF'S**
10         **MOTION TO STRIKE (#32) BE GRANTED AND DEFENDANT**
           **JD MEDICAL HOLDINGS ANSWER (#22) BE STRICKEN AND**
11         **THIS CASE DISMISSED**

12  *See* Order (#43) at 2:5-7.  The Court further instructed the Clerk of Court to mail a copy of the

13  Order (#43) via certified mail to Defendant JD Medical Holding's last known address.  (#45).

14    The Show Cause hearing went forward on October 5, 2012.  Defendant JD Medical did

15  not retain counsel and failed to appear at the hearing.  Thus, JD Medical has (1) disregarded the

16  Court's order to retain counsel, (2) failed to respond to Plaintiff's Motion to Strike its answer

17  (#32), and (3) failed to appear at the Show Cause hearing.  The Court can only conclude that JD

18  Medical has abandoned its defense of this case and, therefore, will recommend that Plaintiff's

19  motion to strike (#32) be granted.

20                                    **DISCUSSION**

21    The broad, underlying purpose of the Federal Rules is to "secure the just, speedy, and

22  inexpensive determination of every action and proceeding."  *See* Fed. R. Civ. P. 1.  It is with that

23  charge as a guide that this Court construes and administers the Federal Rules.  The Federal Rules

24  provide several mechanisms whereby courts can accomplish this goal through the use of

25  sanctions against a party that fails to comply with the Federal Rules or unnecessarily multiplies

26  the proceedings.  For example, Rule 16 is a central pretrial rule that authorizes court to manage

27  cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of

28  the trial is improved, and settlement is facilitated."  *In re Phynylpropanolamine Products*

1   *Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006). "Subsection (f) puts teeth into these

2   objectives by permitting the judge to make such orders as are just for a party's failure to obey a

3   scheduling or pretrial order, including dismissal." *Id.* Rule 16(f) specifically provides that "[o]n

4   motion or on its own, the court may issue any just orders, including those authorized by Rule

5   37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or pretrial

6   conference; (B) is substantially unprepared to participate–or does not participate in good faith–in

7   the conference; or (C) fails to obey a scheduling order or other pretrial order." Rule

8   37(b)(2)(A)(v) provides that: "[i]f a party . . . fails to obey an order to provide or permit

9   discovery . . . the court where the action is pending may issue further just orders . . . . includ[ing]:

10  . . . dismissing the action or proceeding in whole or in part."

11          Dismissal for failure to obey a court order or permit discovery is a harsh penalty and

12  should only be imposed in extreme circumstances. *Malone v. U.S. Postal Serv.*, 833 F.2d 128,

13  130 (9th Cir. 1987). Courts weigh the following five factors when determining whether to

14  dismiss a case for failing to comply with a court order: "(1) the public's interest in expeditious

15  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

16  defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

17  availability of less drastic sanctions." *In re Phynylpropanolamine Products Liability Litigation*,

18  460 F.3d at 1226 (internal citations and quotations omitted). "These factors are not a series of

19  conditions precedent before the judge can do anything, but a way for the district judge to think

20  about what to do." *Id.* (citing *Valley Eng'rs v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir.

21  1998). Although preferred, it is not required that the district court make explicit findings to show

22  that it has considered these factors. *Id.* A dismissal sanction will only be overturned if the

23  reviewing court is left with "a definite and firm conviction that it was clearly outside the

24  acceptable range of sanctions." *Id.* (internal citations and quotations omitted).

25          **1. Expeditious Resolution of Litigation**

26          "Orderly and expeditious resolution of disputes is of great importance to the rule of law.

27  By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is

28  costly in money, memory, manageability, and confidence in the process." *In re*

1   *Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1227.  Here, the Plaintiff has

2   failed to comply with several court orders and failed to appear to at a show cause despite having

3   notice and being expressly warned that failure to appear would result in a recommendation for

4   default.  This behavior is inconsistent with Rule 1's directive to "secure a just, speedy, and

5   inexpensive" determination of this action.

6         **2. Court's Need to Manage Its Docket**

7         It has long been recognized that the court's inherent power to control its docket includes

8   the ability to issue sanctions of dismissal where appropriate.  *Thompson v. Housing Authority of*

9   *Los Angeles*, 782 F.2d 829, 831 (9th Cir 1986) (citation omitted).  As the Supreme Court has

10  held, the sanction of dismissal "must be available to the district court in appropriate cases, not

11  merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter

12  those who might be tempted to such conduct in the absence of such a deterrent."  *National*

13  *Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976).

14        Here, Defendant JD Medical failed to appear at the October 5, 2012 hearing and has

15  disregarded the Court's order to appear through counsel if it wished to continue defending the

16  case.  *See U.S. v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993).  Each of

17  these failures has occurred despite JD Medical being on notice that failure to comply may result

18  in dismissal. It appears that Defendant is ignoring, avoiding, or otherwise refusing to comply

19  with the Court's orders.  This despite several attempts made by the Court to allow JD Medical to

20  defend in this matter.  JD Medical has not provided valid justification for its failures to comply

21  with Court orders or to appear at hearings.  These failures have thwarted the advancement of this

22  case making it difficult for the Court to effectively manage its docket.

23        **3. Risk of Prejudice**

24        The actions of an opposing party that impair the ability to go to trial or interferes with the

25  rightful decision of the case are prejudicial.  *Cf. Adriana Intern. Corp. v. Thoeren*, 913 F.2d

26  1406, 1413 (9th Cir. 1990).  JD Medical has refused to participate in this case through the willful

27  violation of several Court orders.  This refusal to participate in the litigation or comply with the

28  Court's order is highly prejudicial and certainly impairs the ability of Plaintiff to go to trial and

1    interferes with the rightful decision of the case.

2        **4. Public Policy**

3        "[T]he public policy favoring disposition of cases on their merits strongly counsels

4    against dismissal." *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1228

5    (citation omitted).  Although this factor may cut against dismissal it is not enough, standing

6    alone, to prevent dismissal.

7        **5. Less Drastic Sanctions**

8        The Court must consider the adequacy of less drastic sanctions before imposing

9    dismissal.  *Malone*, 833 F.2d at 131 (citation omitted).  Three questions facilitate this analysis:

10   (1) are less drastic sanctions available and, if so, why would they be inadequate; (2) were

11   alternative sanctions employed prior to ordering dismissal; and (3) was the party subject to

12   dismissal warned of the possibility of dismissal.  *Id.* at 132.  Less drastic sanctions would not be

13   effective in this case as JD Medical has repeatedly demonstrated its willingness to ignore court

14   orders or appear through counsel.  The Court has made every effort to avoid entering dismissal,

15   including permitting JD Medical to cure its prior failures to appear by appearing at the show

16   cause hearing. Despite the warning that failure to appear would result in dismissal, JD Medical

17   did not appear at the hearing and continues to frustrate advancement of this case.

18       Based on the foregoing and good cause appearing therefore,

19                          **RECOMMENDATION**

20       **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Strike (#32) be

21   **granted**.

22                              **NOTICE**

23       Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must

24   be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court

25   has held that the courts of appeal may determine that an appeal has been waived due to the failure

26   to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This

27   circuit has also held that (1) failure to file objections within the specified time and (2) failure to

28   properly address and brief the objectionable issues waives the right to appeal the District Court's

1  order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d

2  1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir.

3  1983).

4         DATED this 8th day of October, 2012.

5

6

7                              _____

8                              C.W. Hoffman, Jr.
                            United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28