UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT A. DANIELS,<br><br>        Plaintiff,<br><br>vs.<br><br>MARC S. JENSON, *et al.*,<br><br>        Defendants. | Case No. 2:11-cv-00298-JCM-CWH<br><br>**FINDINGS & RECOMMENDATION** |

This matter came before the Court on Defendant Karen Horton Bond's Motion for Determination of Good Faith Settlement (#64), filed on February 5, 2013. The Court also considered Plaintiff Robert A. Daniel's Notice of Non-Opposition (#66), filed on February 7, 2013.

## BACKGROUND

On February 24, 2011, Plaintiff Robert A. Daniels ("Daniels") filed this action alleging breach of contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duties, accounting, conversion, fraud, unjust enrichment, and fraudulent conveyance against Defendants Marc S. Jenson, John J. Nelson, Karen Horton Bond ("Bond"), and JD Medical Holdings, Inc. *See Complaint* #1. Daniels and Bond have negotiated a settlement agreement. In the instant motion, Bond submitted the proposed settlement agreement to the Court for a determination of whether it was made in good faith for the purposes of extinguishing contribution and equitable indemnity claims pursuant to N.R.S. 17.245. Daniels submitted a notice of non-opposition to Bond's motion.

## DISCUSSION

Nevada Revised Statutes Section 17.245 provides, "When a release or covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for

1   the same injury or the same wrongful death . . . [i]t discharges the tortfeasor to whom it is given
2   from all liability for contribution and for equitable indemnity to any other tortfeasor." N.R.S. §
3   17.245(1)(b).  In determining the "fairness and overall appropriateness" of a proposed settlement
4   that implicates Section 17.245(1)(b), the Court has broad discretion.  *Duk v. MGM Grand Hotel,*
5   *Inc.*, 320 F.3d 1052, 1060-1061 (9th Cir. 2003) (*citing Velsicol Chem. v. Davidson*, 107 Nev. 356
6   (Nev. 1991) (per curium)).  Indeed, the Nevada Supreme Court has held that the trial court's
7   determination of whether a settlement was reached in good faith should be not be disturbed in the
8   absence of an abuse of discretion.  *Velsicol*, 107 Nev. at 360.

9         The settlement defendant seeking the benefit of Section 17.245(b)(1) has the burden of
10  proving that the settlement was made in good faith.  *See The Doctors Co. v. Vincent*, 120 Nev.
11  644, 657 (Nev. 2004).  The relevant factors to be considered in making a determination of good
12  faith include: 1) the amount paid in settlement, 2) the allocation of the settlement proceeds
13  among the plaintiffs, 3) the insurance policy limits of the settling party, 4) the financial condition
14  of the settling party, and 5) the existence of collusion, fraud, or tortuous conduct aimed to injure
15  the interests of non-settling defendants.  *See In Re MGM Grand Hotel Fire Litigation*, 570
16  F.Supp. 913, 927 (D. Nev. 1983).  Additionally, the Court may also "assess the relative liability
17  permutation of the particular contribution or indemnity action known to it, including the
18  strengths and weaknesses of the contribution or indemnity claims." *The Doctors Co.*, 120 Nev.
19  at 651-652.

20        After careful review of the motion, non-opposition, and settlement agreement, the Court
21  finds that the proposed settlement reached between Daniels and Bond is a good faith settlement
22  for the purposes of Section 17.245.  The Court reached this determination based on an analysis of
23  the relevant factors outlined above.  First, the parties agree that the settlement amount fairly
24  compensates Plaintiff for his legally compensable loss.  Second, Daniels is the only plaintiff in
25  this action.  As a result, there is no issue regarding allocation of settlement proceeds.  Third, the
26  parties indicate that there is no insurance policy that covers Bond.  Fourth, the parties agree that
27  the amount paid is fair given Bond's role in the allegations and her ability to pay.  Fifth, the
28  proposed settlement does not evince an intent to collude, perpetuate fraud, or injure the interests

of the non-settling defendants.  The parties allege that negotiations took several months, were professional, and Bond was motivated to settle to avoid the costs of protracted litigation.  Finally, the Court notes that counsel for Daniels and Bond have experience in evaluating liability and damages claims of this nature.  Accordingly, the Court will exercise its broad discretion and determine that the settlement was reached in good faith.  Such settlement discharges Bond from all liability for contribution and equitable indemnity to any other joint tortfeasor by operation of Section 17.245(b)(1).

Based on the foregoing and good cause appearing therefore,

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Defendant Karen Horton Bond's Motion for Determination of Good Faith Settlement (#64) be **granted**.

**IT IS FURTHER RECOMMENDED** that the Settlement Agreement between Plaintiff Robert A. Daniels and Defendant Karen Horton Bond, as stated in #64 Exhibit A, be found to have been made in good faith.

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 12th day of February, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**