UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT A. DANIELS, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:11-cv-00298-JCM-CWH |
| ) | |
| vs. ) | **ORDER AND REPORT AND** |
| ) | **RECOMMENDATION** |
| MARC S. JENSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter came before the Court on Plaintiff, Robert A. Daniels' ("Plaintiff") Motion to Strike Defendant Marc S. Jenson's ("Defendant Jenson") Answer to Complaint and for Discovery Sanctions (#68), filed on February 12, 2013. No response was received from Defendant Jenson.[1]

On May 2, 2012, attorneys Michael C. Van and Robert A. Ryan of the law firm of Shumway Van & Hansen requested leave of the Court to withdraw as counsel of record for Defendant Jenson. The Court found good cause for the withdrawal and granted the motion on May 3, 2012. *See* Order #27. Defendant Jenson was ordered to notify the Court if he was going to retain new counsel or proceed in proper person by May 24, 2012. *Id.* In the instant motion, Plaintiff contends that Defendant Jenson failed to submit notice indicating whether he will proceed with new counsel or in proper person. Additionally, Plaintiff attached correspondence with attorney Brent Burningham who notified Plaintiff's counsel on January 31, 2013 that he did not intend to make an appearance on Defendant Jenson's behalf in this case. *See* Pl.'s Mot. #68, Exh. 2. Finally, Plaintiff contends that Defendant Jenson has not provided any documents as required by Fed. R. Civ. P. 26(a)(1)(C). Accordingly, Plaintiff

---

[1]Local Rule 7-2(d) states, "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

1  requests case-dispositive sanctions in that (1) Defendant Jenson's Answer be stricken and (2) a
2  default judgment be entered against Defendant Jenson.  Furthermore, Plaintiff requests that
3  discovery sanctions be awarded in the form of fees pursuant to Fed. R. Civ. P. 37(c)(1)(A).

### DISCUSSION

The broad, underlying purpose of the Federal Rules is to "secure the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1.  It is with that charge as a guide that this Court construes and administers the Federal Rules.  There are several mechanisms whereby the Court can accomplish this goal, such as entering case-dispositive sanctions against a party that fails to comply with the Federal Rules or unnecessarily multiplies the proceedings.

For example, Fed. R. Civ. P. 16 is a central pretrial rule that authorizes court to manage cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." *In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006). "Subsection (f) puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order." *Id.*  Rule 16(f) specifically provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling order or other pretrial order."

Furthermore, Fed. R. Civ. P. 37 governs discovery disputes and sanctions stemming therefrom.  In particular, it provides for sanctions against a party that fails to provide discovery as required by Rule 26(a).  Rule 37(c) states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . the court . . . may order payment of the reasonable expenses, including attorney's fees, caused by the failure . . . [and] may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."[2]

---

[2]The Court notes that personal consultation is not required prior to a motion for sanctions pursuant to Rule 37(c). *See Hoffman v. Construction Protective Services, Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) ("Any local rule requiring a conference prior to the court's imposition of sanctions under Rule 37(c) would be inconsistent with Rule 37(c) and, therefore, unenforceable."); *see also Dayton Valley Investors, LLC v. Union Pacific R. Co.*, 2010 WL 3829219 (D. Nev. September 24, 2010) (finding Local Rule 26-7(b)'s meet and confer requirement does not apply in a Rule 37(c) motion context). Additionally, no prior court order is required for Rule 37(c) sanctions to be imposed.

1    The Court has broad discretion regarding the type and degree of discovery sanctions it may impose pursuant to Rule 37. *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976). Rule 37 allows for the authorization of any remedy the court determines is "just." *See Societe International Pour Participations Industrielles Et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 207 (1958) (finding dismissal of complaint with prejudice not justified when failure to comply was due to inability); *see also Marquis v. Chrysler Corp.*, 577 F.2d 624, 641-642 (9th Cir. 1978) (awarding the payment of reasonable expenses for the failure to obey a court order to produce documents). In appropriate situations, the Court may find that a severe sanction is necessary to prevent some benefit to the sanctioned party. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 639 (1976) (finding that extreme sanction of dismissal was appropriate due to respondents' flagrant bad faith and their counsel's callous disregard of responsibilities). Two sanctions available to the Court under Rule 37(b)(2)(A)(iii) are striking a defendant's answer and entering default against him.

When sanctions are warranted, the Court must determine the appropriate level or severity of sanctions based on the circumstances of the case. Generally, a case-dispositive sanction should only be imposed as a last resort. *See Henry v. Gill Industries*, 983 F.2d 943, 948 (9th Cir. 1993). The Ninth Circuit has constructed a five-part test to determine whether a case-dispositive sanction under Rule 37 (b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). The test provides the courts with a way to think about what to do rather than a set of conditions precedent for imposing sanctions. Moreover, the Ninth Circuit has indicated that it is not always necessary for the court to impose less severe sanctions first, or to give any explicit warning of that a case-dispositive sanction may be imposed. *Valley Engineers Inc. v. Electric Engineering Company*, 158 F.3d 1051, 1057 (9th Cir.1998). Indeed, the court may consider all of the offending party's discovery conduct when making its determination of the

appropriate sanction. *Henry*, 983 F.2d at 947. However, the disobedient party's conduct must be due to willfulness, fault, or bad faith for a case-dispositive sanction to be appropriate. *Henry*, 983 F.2d at 947-48 (*citing Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1990). The Court will now address the relevant factors in deciding whether the severe sanctions of striking Defendant Jenson's Answer and entering default against him are warranted in this case.

### 1. Expeditious Resolution of Litigation

"Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d at 1227. Here, Defendant Jenson failed to comply with the Court's order to notify it if he intends to proceed with new counsel or in proper person. This behavior is inconsistent with Rule 1's directive to "secure a just, speedy, and inexpensive" determination of this action. Additionally, he failed to provide initial disclosures pursuant to Rule 26(a), which delayed the expeditious resolution of this case.

### 2. Court's Need to Manage Its Docket

It has long been recognized that the court's inherent power to control its docket includes the ability to issue severe sanctions, such as striking an answer or entering a default judgment, where appropriate. *See Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir 1986) (citation omitted). Indeed, the Supreme Court has noted that case-dispositive sanctions, "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976).

Here, Defendant Jenson disregarded the Court's order by failing to submit notice that he would retain new counsel or appear in proper person to continue his defense of this case. As a result, it appears as though Defendant is ignoring, avoiding, or otherwise refusing to comply with the Court's order. Additionally, Defendant Jenson has not provided a valid justification for his

1  failure to comply with the Court's order or provide Rule 26(a) disclosures by failing to submit an
2  opposition to Plaintiff's Motion to Strike. These failures have thwarted the advancement of this
3  case making it difficult for the Court to effectively manage its docket.

**3. Risk of Prejudice**

The actions of an opposing party that impair the ability to go to trial or interfere with the rightful decision of the case are prejudicial. Defendant Jenson has refused to participate in this case through the willful violation of a Court order and mandatory discovery disclosures under Rule 26(a). These actions are highly prejudicial and impair the ability of Plaintiff to go to trial.

**4. Public Policy**

"[T]he public policy favoring disposition of cases on their merits strongly counsels against" case-dispositive sanctions. *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1228 (citation omitted). Although this factor may cut against recommending that Defendant Jenson's answer be struck or default be entered against him, it is not enough to prevent such a recommendation. Indeed, Defendant Jenson's lack of participation in the discovery process has made it impossible for the Court to continue the case with reasonable assurance that Plaintiff would have access to facts that should have been disclosed pursuant to Rule 26(a).

**5. Less Drastic Sanctions**

The Court must consider the adequacy of less drastic sanctions before imposing dismissal. Two questions facilitate this analysis: (1) whether the court considered lesser sanctions and their adequacy and (2) whether the court warned the recalcitrant party about the possibility of case-dispositive sanctions. *Connecticut General Life Ins. Co.*, 482 F.3d at 1096.

Prior to filing the instant motion, Plaintiff did not move for an order pursuant to Rule 37(a) compelling Defendant Jenson to provide initial disclosures. However, it is apparent that Defendant has not participated in good faith or otherwise in the discovery process and he has no intention of attempting to comply with his pre-trial obligations. As a result, less drastic sanctions would not be effective in this case. Indeed, the Court finds that Defendant Jenson has demonstrated bad faith in willfully ignoring the Court's prior order to retain new counsel or

1  notice it of his intent to appear in proper person.  Furthermore, Defendant Jenson failed to

2  respond to Plaintiff's Motion to Strike, which constitutes consent to the granting of the motion

3  pursuant to Local Rule 7-2(d).  The Court can only conclude that Defendant Jenson has

4  abandoned his defense of this case and, therefore, will recommend that Defendant Jenson's

5  Answer be stricken and default be entered against him.

6      The Court will defer ruling on Plaintiff's request for attorney's fees pursuant to Rule

7  37(c) at this time.  Plaintiff is ordered to submit a Motion/Application for Reasonable Fees and

8  Expenses within fourteen (14) days.  Such Application shall include points and authorities in

9  support of Plaintiff's request under Rule 37(c) with supporting evidence, such as itemized time

10 attorney affidavits, relevant case law, and other items as outlined in Local Rule 54-16.

11     Based on the foregoing and good cause appearing therefore,

12 **ORDER**

13 **IT IS HEREBY ORDERED** that Plaintiff shall submit a Motion/Application for

14 Reasonable Fees and Expenses in accordance with Local Rule 54-16 if he intends to request Rule

15 37(c) expenses by **Monday, March 25, 2013**.  Defendant Jenson's response, if any, shall be due

16 by **Monday, April 8, 2013**.

17 **RECOMMENDATION**

18 **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Strike Marc S. Jenson's

19 Answer to Complaint and for Discovery Sanctions (#68) be **granted**.  It is recommended that

20 Defendant Jenson's Answer be stricken and a default judgment be entered against him.

21 **NOTICE**

22     Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must

23 be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court

24 has held that the courts of appeal may determine that an appeal has been waived due to the failure

25 to file objections within the specified time. *Thomas v. Arn,* 474 U.S. 140, 142 (1985). This

26 circuit has also held that (1) failure to file objections within the specified time and (2) failure to

27 properly address and brief the objectionable issues waives the right to appeal the District Court's

28 order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d

1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 11th day of March, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**