UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT A. DANIELS, | ) |
| Plaintiff, | ) Case No. 2:11-cv-00298-JCM-CWH |
| vs. | ) **ORDER** |
| MARC S. JENSON, *et al.*, | ) |
| Defendants. | ) |

This matter came before the Court on Plaintiff Robert A. Daniels' Motion for Reasonable Fees and Expenses Against Defendant Marc. S. Jenson (#72), filed on March 25, 2013. No response was submitted by Defendant Marc. S. Jenson.[1]

**BACKGROUND**

On February 12, 2013, Plaintiff Robert A. Daniels ("Daniels") filed a Motion to Strike Marc S. Jenson's ("Jenson") Answer to Complaint and for Discovery Sanctions (#68). The Court granted Daniels' Motion on March 11, 2013 and recommended that Jenson's Answer be stricken. In doing so, the Court ordered Daniels to submit a Motion/Application for Reasonable Fees and Expenses in accordance with Local Rule 54-16 by March 25, 2013. The Court will now review that Motion.

**DISCUSSION**

**A.   Sanctions Pursuant to Rule 37**

Federal Rule of Civil Procedure 37(c) states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . the court . . . may order payment of reasonable expenses, including attorney's fees, caused by the failure." Jenson failed to submit a

---

[1] Local Rule 7-2(d) states, "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

response to this Motion for Attorney Fees.  Accordingly, Jenson has not met his burden to demonstrate that his conduct was substantially justified or an award of fees would be unjust. Therefore, the Court finds that Daniels is entitled to attorney fees pursuant to Rule 37(c).

      **B.**      **Reasonableness of the Fee Request**

The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).  Courts typically follow a two-step process. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.*  Second, the Court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Some of the relevant factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case,[2] (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied,* 425 U.S. 951 (1976); *see also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008).

      **1.**      **Reasonable Hourly Rate**

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895-96

---

[2]This factor has been called into question by the Supreme Court's ruling in *City of Burlington v. Dague,* 505 U.S. 557, 561-564 (1992).  *See also Davis v. City & Cty. of San Francisco*, 976 F.2d 1536, 1546 n.4 (9th Cir. 1992), *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993) (suggesting *Dague* casts doubt on the relevance of "undesirability" to the fee calculation).

n.11 (1984). The relevant community consists of the forum in which the case is pending. *Camacho,* 523 F.3d at 978. The court may consider rates outside the forum if local counsel was unavailable because they lacked the degree of experience, expertise, or specialization required to properly handle the case. *Id*. (*citing Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Additionally, the court must consider the market rate in effect within two years of the work performed. *Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003). The fee applicant has the burden of producing satisfactory evidence that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* Such evidence may include affidavits of the fee applicant's attorneys, affidavits of other attorneys regarding prevailing fees in the community, and rate determinations in other cases. *Camacho*, 523 F.3d at 980 (*citing United Steel Workers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990)). Daniels seek fees based on an hourly rate of $300, reduced to $125 an hour if the contingency fee provision in the retainer agreement is activated. Jenson raised no objection to this rate and the Court finds that it is reasonable for this forum.

### 2. Reasonable Hours Expended

In addition to evidence supporting the rates claimed, "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433; *see also Jordan*, 815 F.2d at 1263. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. "The district court also should exclude from this initial fee calculation hours that were 'not reasonably expended'." *Hensley*, 461 U.S. at 433-34 (citation omitted). "In other words, the court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Edwards v. Nat'l Business Factors, Inc.*, 897 F. Supp. 458, 460 (D. Nev. 1995) (quotation omitted); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992). In cases where the motion is granted in part and denied in part, the Court may apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(c).

Daniels failed to submit an itemization of the hours expended in prepared the Motion to Strike and for Discovery Sanctions (#68) in accordance with Local Rule 54-16. He indicates that

- 3 -

1  a Bill of Costs will be submitted within fourteen (14) days of the entry of Default against Jenson
2  and in total, Jenson's attorney has spent 179.6 hours on this action.  However, nowhere in the
3  Motion does Daniels describe the number of hours expended specifically for the Motion to Strike
4  at issue.   As a result, the Court is unable to determine if the number of hours expended were
5  reasonable.  Additionally, it is unable to determine how much Jenson should be ordered to pay
6  Daniels under Rule 37(c).  Therefore, the Court will deny Daniels' Motion without prejudice.
7  Based on the foregoing and good cause appearing therefore,
8  **IT IS HEREBY ORDERED** that the Plaintiff Robert A. Daniels' Motion for
9  Reasonable Fees and Expenses Against Defendant Marc. S. Jenson (#72) is **denied without**
10 **prejudice.**
11 DATED this 15th day of April, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

- 4 -