UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT A. DANIELS, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:11-cv-00298-JCM-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MARC S. JENSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter came before the Court on Plaintiff Robert A. Daniels' Renewed Motion for Reasonable Fees and Expenses Against Defendant Jenson (#80), filed on February 11, 2014.

**BACKGROUND**

On February 12, 2013, Plaintiff Robert A. Daniels ("Daniels") filed a Motion to Strike Defendant Marc S. Jenson's ("Jenson") Answer to Complaint and for Discovery Sanctions (#68). The Court granted Daniels' Motion on March 11, 2013 and recommended that Jenson's Answer be stricken. In doing so, the Court ordered Daniels to submit a Motion/Application for Reasonable Fees and Expenses in accordance with Local Rule 54-16 by March 25, 2013. On March 25, 2013, Daniels filed his First Motion for Reasonable Fees and Expenses (#72) seeking fees for 179.6 hours. On April 15, 2013, the Court denied without prejudice Daniels' Motion for failure to provide enough specificity or itemization of hours related to the Motion to Strike. In doing so, the Court noted that Jensen failed to oppose the Motion for Reasonable Fees and Expenses. On February 11, 2014, Daniels filed a Renewed Motion for Reasonable Fees and Expenses (#80), which the Court will now address.

**DISCUSSION**

**A.     Sanctions Pursuant to Rule 37**

Federal Rule of Civil Procedure 37(c) states, "If a party fails to provide information or

1  identify a witness as required by Rule 26(a) or (e) . . . the court . . . may order payment of
2  reasonable expenses, including attorney's fees, caused by the failure." The Court finds that
3  Jenson's conduct was not substantially justified and an award of fees would be not be unjust.
4  Therefore, the Court finds that Daniels is entitled to attorney fees pursuant to Rule 37(c).

5       **B.**     **Reasonableness of the Fee Request**

6       The Ninth Circuit affords trial courts broad discretion in determining the reasonableness
7  of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). Courts typically follow a
8  two-step process. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court
9  must calculate the lodestar amount "by taking the number of hours reasonably expended on the
10 litigation and multiplying it by a reasonable hourly rate." *Id.* Second, the Court "may adjust the
11 lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial
12 calculation." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).
13 Some of the relevant factors are: (1) the time and labor required, (2) the novelty and difficulty of
14 the questions involved, (3) the skill requisite to perform the legal service properly, (4) the
15 preclusion of other employment by the attorney due to acceptance of the case, (5) the customary
16 fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the
17 circumstances, (8) the amount involved and results obtained, (9) the experience, reputation, and
18 ability of the attorney, (10) the undesirability of the case,[1] (11) the nature and length of the
19 professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras*
20 *Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied,* 425 U.S. 951 (1976); *see also*
21 *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In most cases, the lodestar figure is a
22 presumptively reasonable fee award. *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978
23 (9th Cir. 2008).

24      **1.**     **Reasonable Hourly Rate**

25      The Supreme Court has held that reasonable attorney fees must "be calculated according

---

[1] This factor has been called into question by the Supreme Court's ruling in *City of Burlington v. Dague,* 505 U.S. 557, 561-564 (1992). *See also Davis v. City & Cty. of San Francisco*, 976 F.2d 1536, 1546 n.4 (9th Cir. 1992), *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993) (suggesting *Dague* casts doubt on the relevance of "undesirability" to the fee calculation).

to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984).  The relevant community consists of the forum in which the case is pending. *Camacho,* 523 F.3d at 978.  The court may consider rates outside the forum if local counsel was unavailable because they lacked the degree of experience, expertise, or specialization required to properly handle the case.  *Id*. (*citing Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).  Additionally, the court must consider the market rate in effect within two years of the work performed.  *Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003).  The fee applicant has the burden of producing satisfactory evidence that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Id.*  Such evidence may include affidavits of the fee applicant's attorneys, affidavits of other attorneys regarding prevailing fees in the community, and rate determinations in other cases.  *Camacho*, 523 F.3d at 980 (*citing United Steel Workers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990)).  Daniels seek fees based on an hourly rate of $300.  He indicates that the reduction to $125 an hour is not applicable because the contingency fee provision in the retainer agreement has not been and is unlikely to be activated.  The Court finds the $300 rate to be reasonable for this forum for an attorney of John Thomson's ("Thomson") experience.

### 2.     **Reasonable Hours Expended**

In addition to evidence supporting the rates claimed, "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433; *see also Jordan*, 815 F.2d at 1263.  "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.  "The district court also should exclude from this initial fee calculation hours that were 'not reasonably expended.'" *Hensley*, 461 U.S. at 433-34 (citation omitted).  "In other words, the court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Edwards v. Nat'l Business Factors, Inc.*, 897 F. Supp. 458, 460 (D. Nev. 1995) (quotation omitted); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992).  In cases where the motion is granted in part and denied in part, the Court may apportion the reasonable expenses for the motion.  Fed. R. Civ. P. 37(a)(5)(c).

Like Daniels' prior Motion for Reasonable Fees and Expenses, he fails to provide a sufficient itemization of the hours expended in preparing the Motion to Strike and for Discovery Sanctions (#68) in accordance with Local Rule 54-16.  Thomson indicates that he has performed extensive legal work totaling 179.6 hours from May 2010 through December 31, 2013.  He also represents that 127.1 hours could have been avoided if Jenson had complied with the Federal Rules of Civil Procedure.  In addition, Thomson provides a generalized summary of hours expended including: 24.5 hours for meeting with the client, 17.2 hours for legal research, 11.4 hours for reviewing multiple documents, 6 hours for communication with opposing counsel, 4 hours for online research and reading articles about Jenson, 24 hours for travel and preparation for Bond's deposition, 16 hours preparing for and defending Daniels' deposition, 9 hours of legal research and other preparation for the Motion to Strike, and 15 hours preparing the Motion for Reasonable Fees and Expenses.

The Court finds that the documentation regarding how these 127.1 hours specifically relate to the Motion to Strike Jenson's Answer to Complaint and for Discovery Sanctions (#68) is severely deficient.  In fact, the Court previously highlighted this deficiency when denying without prejudice Daniels' prior Motion (#72).  *See* Order #77.  Thomson represents that he spent 15 hours preparing this Motion for Reasonable Fees and Expenses.  He also indicates that he maintains, as part of his customary practice, daily time logs detailing all work performed for Daniels down to one-tenth of an hour.  However, Thomson failed to attach such specific time entries and did not provide any justification of why this Motion required 15 hours of work.  It appears to be a duplication of his prior Motion (#72) with the mere addition of hour counts next to the previous general work descriptions.  Thomson also states that no other information has been requested by the Court despite the Court's Prior Order (#77) underscoring the vagueness of Thomson's request.  The Court is not convinced that Thomson has met his burden to demonstrate that the hours expended were reasonable.  Indeed, he appears to be requesting compensation for his involvement in this case since May 2010, which pre-dates the filing of this action on February 24, 2011.  Therefore, given that the Court has already provided Thomson with an opportunity to supplement his request for fees with the required level of detail, the Court finds 118.1 hours

should be excluded from the fee award because they are too vague, insufficiently documented, and excessive.

Nevertheless, the Court will grant the request for a fee award limited to 9 hours of work. This consists of the 9 hours Thomson attests to spending on legal research, meeting with Daniels, reviewing the file, drafting the Motion, and otherwise preparing the Motion to Strike Jenson's Answer to Complaint and for Discovery Sanctions (#68). The Court notes that no reply brief was drafted and Thomson was not required to attend a hearing on the motion. In addition, the Motion to Strike Jenson's Answer to Complaint and for Discovery Sanctions (#68) did not involve complex legal questions or require Thomson to articulate novel or difficult legal arguments. Accordingly, the Court finds that 9 hours were reasonably expended on the Motion to Strike (#68) and will grant a fee award of $2,700.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that the Plaintiff Robert A. Daniels' Renewed Motion for Reasonable Fees and Expenses Against Defendant Jenson (#80) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Defendant Marc S. Jenson shall pay the total sum of $2,700 to Plaintiff Robert A. Daniels.

DATED this 25th day of February, 2014.

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**